Burns v. Oliphant.

---

BURNS *et al.* v. OLIPHANT.

1. **Instructions:** REFERRING TO PLEADINGS FOR ISSUES: AGREEMENT OF PARTIES. While it is not proper for the court to refer the jury to the pleadings for the purpose of ascertaining what the issues are, yet where the parties have agreed that the pleadings shall be a part of the instructions, and that the jury shall determine the issues therefrom, they cannot in this court complain, if the trial judge instructs accordingly.

2. ————: SPECIAL INTERROGATORIES: NO EVIDENCE TO JUSTIFY. The submission of special interrogatories on points on which there is no evidence is error.

3. **Real-Estate Broker:** COMMISSIONS: WHEN EARNED. Where plaintiffs, real-estate brokers, agreed with defendant, for a certain commission, to sell defendant's farm, or to exchange the same for a stock of goods, and they performed their contract so far as to bring defendant and another together and induce them to enter into a written agreement for an exchange of the farm for a stock of goods and other property, which agreement defendant might have enforced, *held* that they were entitled to their commission, though the agreement for exchange was never carried into effect.

*Appeal from Clarke District Court.*—HON. R. C. HENRY, Judge.

FILED, OCTOBER 14, 1889.

AFTER the defendant had filed his answer the plaintiffs filed an amendment to their petition as a second count thereof. The amendment does not state any different cause of action from that presented in the original petition, but states the same cause of action more at length. The cause of action, as stated in the petition and amendment, is that the defendant .employed the plaintiffs at an agreed compensation of two hundred and fifty dollars to sell his farm or exchange the same for a stock of goods; that they, by their efforts and influence, brought the defendant and one J. W. Kleeb together in relation to an exchange, and through their efforts and influence the defendant and said Kleeb made an agreement in writing for an exchange of defendant's farm for a stock of goods and other property; that thereby the plaintiffs' services were complete, and they became entitled to said agreed compensation, no part of which has been paid; wherefore they ask to recover two hundred and fifty dollars. Defendant, answering, denies that he ever employed the plaintiffs to sell any farm for him on commission, and alleges that he did agree to pay J. F. Burns one hundred dollars if he would trade the farm for a good stock of goods worth five thousand dollars; that there was no other or further contract. He alleges that, while pretending to act for him, the plaintiffs were secretly acting as the agents for said Kleeb, which fact they concealed from the defendant, and thereby procured defendant to sign a writing purporting to be a contract of exchange of defendant's farm for the property of said Kleeb; that it was agreed between defendant and J. F. Burns that if the exchange of property was not consummated defendant was not to be liable for any sum whatever as commission to said Burns or to the plaintiffs, and that said exchange was never consummated. The plaintiffs replied denying each and

every allegation of the answer. The cause was tried to a jury. Verdict, and judgment on the verdict, for defendant. Plaintiffs appeal.

*John Chaney,* for appellants.

*M. L. Temple,* for appellee.

GIVEN, C. J.—I. The court's first instruction is as follows: "Gentlemen of the jury: It has been agreed upon by the parties to this suit that the petition of the plaintiffs and the amendment thereto, and the answers of the defendant and reply thereto, just read, shall form a part of these instructions, and that you shall determine the issues therefrom." Appellants, without denying the agreement, contend that it was error for the court to omit to state the issues, and cite several cases wherein this court has held that it is not proper for the court to refer the jury to the pleadings for the purpose of ascertaining what the issues are. The difficulty which even judges with their learning and experience often encounter in defining the issues as joined in the pleadings is argument sufficient in support of the rule. It surely would not conduce to a full and fair trial if jurors, inexperienced in such matters, were left to determine the issues from the pleadings. The necessity of the judge defining the issues is too apparent to be questioned, and, however pressing the demands may be upon the time of the court, a plain and concise statement of the issues should always be given to the jury. This case furnishes a striking example of the propriety of the rule. While we are clearly of the opinion that a statement of the issues should not be omitted, we are equally clear in the view that a party, who has by his agreement consented to the omission, should not be heard to complain of it.

II. Appellants' further contention is that there is no evidence whatever to support the defendant's

*Marginal note:* 1. INSTRUCTIONS: referring to pleadings for issues: agreement of parties.

Burns v. Oliphant.

2. ——: special in-allegation of fraud, and hence that the
terrogatories:
no evidence to court erred in submitting that issue to the
justify.          jury, and in not setting aside the verdict
and special findings. The following are the special
findings submitted at the request of the plaintiffs, with
the answers thereto: "(1) Did plaintiffs conspire with J.
W. Kleeb, in making said contract before you in evi-
dence, to defraud defendant? *Answer.* Yes. (2) Was
said contract obtained through fraud? *A.* Yes." We have
examined the testimony with care, and fail to find any-
thing therein to support these answers. There is noth-
ing in the testimony inconsistent with the utmost good
faith upon the part of the plaintiffs towards the defend-
ant. We think every expression in their letters is
consistent with the employment alleged, and that the
allegations of fraud are without any support whatever
in the testimony. The verdict for defendant must have
been based upon the conclusion that the fraud alleged
was proven. In the absence of fraud, the plaintiffs were
entitled to recover upon proof of the contract of
3. REAL-estate  employment, as alleged, and that they
broker: com-  performed the contract on their part. If
missions:
when earned. they brought the defendant and Kleeb into
negotiations which resulted in a written agreement
between them, and which either could enforce against the
other, that would be a performance of the contract of
employment, as alleged. That the plaintiff did, by
considerable effort, bring the defendant and Kleeb into
negotiations which resulted in the written agreement
in evidence, is not questioned. The agreement is clearly
such as either the defendant or Kleeb could enforce
against the other. If there was a contract of
employment as alleged, and the plaintiffs brought the
defendant and Kleeb together so that they executed the
written contract for the exchange of properties, it was
immaterial who was in fault that the written contract
was not carried out. We think the court erred in sub-
mitting the question of fraud, and that the verdict and
special findings of the jury are not sustained by the

evidence, and for these reasons the judgment of the district court will be reversed.

It is unnecessary that we notice the further assignments of error, as wherein they may be erroneous the errors will not occur on a retrial.

REVERSED.