## JOSEPH MYER V. A. T. MOON.

1. TRIAL—*Instructions—No Error.* The court, in stating the issues of the case, referred the jury to the petition for the terms of a contract alleged to have been violated, and also for certain statements alleged to have been made by the defendant, designating where each might be found in the petition by pencil marks, but the construction of the petition and the determination of what the issues were, were not left to the jury. *Held,* Not prejudicial error.

2. ———— *Exception to Charge.* A single general exception to a charge of the court containing several propositions of law, the general scope of which is correct, is unavailing.

3. ———— *Cause of Action, Stated.* The allegations of the petition examined, and *held* to state a cause of action.

*Error from Finney District Court.*

JUDGMENT for plaintiff *Moon,* on January 21, 1888. The defendant *Myer* brings the case here. The facts are stated in the opinion.

*A. J. Hoskinson,* for plaintiff in error.

*C. W. Morse,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Joseph Myer asks a reversal of a judgment for $74, rendered against him and in favor of A. T. Moon, in the district court of Finney county. One ground for the reversal is that the petition did not state a cause of action. In substance, the allegations of the petition were that on August 19, 1886, Myer, who was in the ice business in Garden City, agreed to turn over his business to Moon, together with the benefits of a contract which Myer had with Olin Brothers, of Pueblo, Colorado, to furnish ice to him in Garden City at a certain price, and the ice was to be ordered and purchased from Olin Brothers in the name of Myer. In pursuance of this agreement, on August 20, 1886, a car-load of ice was ordered from Olin Brothers in the name of Myer, which was received by Moon, when Myer represented that Olin Brothers

were indebted to him for the amount of the bill for that car-load, and that he would settle with Olin Brothers for the same, and would do so immediately, in order to preserve credit under the contract with them so that the ice could be promptly procured from them when ordered. Moon, relying on the truth of these statements, paid Myer the amount due for the ice; but he alleges that the statements of Myer that Olin Brothers were indebted to him were untrue; that Myer did not pay or settle with them for the ice, as he agreed to do; and that by reason of his failure to settle with them for the ice, Olin Brothers refused to ship ice to Moon when ordered by him in the name of Myer, and disposed of the ice, which they intended to supply under their contract with Myer, to other parties; and that thereby Moon was unable to procure ice under the contract; and that, by reason of the conduct of Myer, Moon has been damaged in the sum of $500.

We think the demurrer to the petition was properly overruled. The contract between the parties is valid and appears to be based upon sufficient consideration. Moon agreed to pay to Myer the sum of $25, and also to furnish to Myer 5,000 or 6,000 pounds of ice at the net cost of the same at Garden City. Although the petition is not as elaborate as it might have been, it states a valid agreement, a breach of the same by Myer, and that his non-compliance and wrongful conduct resulted to the damage of Moon. It may be that the allegations of the petition are not sufficiently specific, but if this defect exists it should be corrected by motion, and not by demurrer. (*Stringfellow v. Alderson*, 12 Kas. 112.)

The motion to require defendant in error to elect on which cause of action he would proceed to trial was properly overruled, as only a single cause of action was stated.

In charging the jury, the court, instead of reciting at length the contract alleged to have been violated, and the misrepresentation alleged to have been made, referred the jury to the petition, and indicated those portions of the petition where the contract and misrepresentations might be found by pencil marks, and permitted the jury to take the petition to the jury-

room with them. The practice of referring the jury to the pleadings in order to determine in whole or in part the issues of the case is not to be commended. It is the province of the court to determine the issues and state them to the jury, and not leave them to ascertain the effect of the pleadings or the issues which they present. In this case, however, the issues were stated by the court, and the jury were only referred to the petition to ascertain the terms of the contract, which were not disputed, and the misrepresentations which it was alleged had been made by Myer. The construction of the pleadings or the determination of what the issues were were not left to the jury, and no prejudice could have resulted from the action of the court.

It is contended that the charge of the court was incorrect in several particulars, but the exceptions were not such as to require an examination of the questions suggested. The charge contains several propositions, but only a general exception was taken at the end of the instructions. The charge appears to be correct in its general scope, and hence a general exception is unavailing. (*Fullenwider v. Ewing*, 25 Kas. 69, and cases cited.)

The sufficiency of the testimony is also challenged, but there is enough to sustain a verdict which has received the approval of the trial court.

Judgment affirmed.

All the Justices concurring.