FELTS v. F. L. BUTCHER, Appellant.

**Land Sale Commission.** Where a decree of specific performance ought to be denied because a buyer of land, who orally accepted an offer to sell, made through an agent, did not perform the terms of the offer before the agent's authority was revoked, the agent is not entitled to commission for selling the land. See *Naylor v. Butcher*, 93 Iowa, 340.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

WEDNESDAY, JANUARY 23, 1895.

Action at law to recover the sum of one hundred and twenty dollars, which the plaintiff alleges is due him from the defendant as a real estate agent's commission for selling two hundred and forty acres of land. The defendant, by his answer, denied that the plaintiff made a sale of said land, and denied that he was indebted to plaintiff in any amount. At the close of the introduction of the evidence the court directed the jury to return a verdict for the plaintiff. From a judgment on the verdict the defendant appeals.— *Reversed.*

*M. W. Frick* and *Botsford, Healy & Healy* for appellant.

*Stevenson & Lavender* for appellee.

Rothrock, J.—The case involves the same transaction as the case of *Naylor v. Butcher*, 93 Iowa, 340, 61 N. W. Rep. 989. In the case at bar the plaintiff claims to recover a commission for the

sale of defendant's land, and in the cited case the plaintiffs demanded a specific performance by a conveyance of the same land upon the alleged contract declared on in this action. The defendant, Butcher, is a resident of the state of Missouri, and the negotiations between the parties were carried on by written correspondence, and the evidence is substantially the same in both cases. We held in the other case that the alleged contract of sale was not completed, and that there was, therefore, no right to a decree for specific performance. In the case at bar the District Court, by the directed verdict, held as a matter of law that a contract of sale was made. We think this was error. The defendant made a motion that the court direct a verdict in his favor. We think it should have been sustained. It is unnecessary to make a statement of facts in this opinion. Such a statement would be a mere repetition of the discussion in the other case. It is proper to say in conclusion that the compensation of the plaintiff herein depended upon a consummated sale, and not upon mere negotiations for a sale; and the claim made in the petition is for a sale of the land. We do not hold that the plaintiff could not recover his commission if he made a sale within the prescribed terms which the defendant wrongfully refused to execute by making a conveyance. In such case the agent is entitled to his commission. *Burns v. Oliphant,* 78 Iowa, 456, 43 N. W. Rep. 289. But the facts do not show that he made any contract which either the purchaser or seller could enforce. The judgment of the District Court is *reversed.*