## J. J. STAUFER, Appellant, v. WILLIAM BELL.

**Land Sale Commissions:** COURT AND JURY. A real estate broker, employed to procure a purchaser for a farm, is entitled to compensation where he introduced a purchaser to the owner, and assists in the negotiations resulting in a sale, although the purchaser previously had negotiations for the purchase of the property, with the agent of a former owner, and had come to the place where the broker first met him, in response to a letter from such agent, whose authority had, in the meantime, been terminated by the sale of the property by his principal.

*Appeal from Franklin District Court.*—HON. S. M. WEAVER, Judge.

### SATURDAY, OCTOBER 24, 1896.

ACTION at law, to recover compensation, alleged to be due for services rendered in effecting a sale of real estate. After the evidence on the part of the plaintiff had been submitted, the court directed a verdict and rendered judgment in favor of the defendant. The plaintiff appeals.—*Reversed.*

*E. P. Andrews* for appellant.

*J. H. Scales* and *J. W. Arbuckle* for appellee.

ROBINSON, J.—The evidence tended to show that the claim of the plaintiff is based upon the following facts:   In October, 1894, the plaintiff was engaged at Meservey, in this state, in the business of selling real estate on commission, and had been so engaged for two years.   In the first part of that month he was negotiating a sale of land to the defendant, and while the negotiations were pending, they went together to Iowa Falls.   On the way down, the defendant spoke of a tract of land known as the "Somerlet Farm," which he had recently purchased, and told the plaintiff that, if he would obtain a purchaser for it at twenty-nine dollars per acre, he should have a commission.   The terms of payment were to be settled by the defendant, but were to be easy, and were to include a cash payment of a few hundred dollars. The parties went to the home of the defendant, in Alexander, that night.  The next morning the plaintiff was introduced to a man named Noteboom, who wished to purchase the Somerlet farm, and the plaintiff told him the price at which it was held. After they had conversed about it for a short time, the defendant was seen on the street.   Noteboom was introduced to him by the plaintiff, who stated to the defendant that Noteboom wanted the farm, and wished to look at it.   At noon the three men lunched at the house of the defendant, and then drove to the farm. After examining it, Noteboom decided to purchase it, and a sale to him at twenty-nine dollars per acre was made.   The plaintiff not only brought the defendant and Noteboom together, but assisted in what was done and said to effect the sale.  It appears that, before the defendant purchased the farm, it was owned by a man named Somerlet, and he had authorized a real estate agent named Musser to sell it.   About a week before Noteboom purchased it, he saw Musser in regard

to it, but could not comply with the terms the latter was required to ask. Musser then said that he would endeavor to get the land for Noteboom, who went home to try to procure the required amount of money. A few days later, he received a letter from Musser, telling him that if he wanted the farm to come at once. Noteboom, in response to that letter, went to Alexander; but before his arrival, the farm had been sold to the defendant for twenty-four dollars per acre, and the agency of Musser was thereby terminated. The court, when directing the verdict for the defendant, stated, in effect, that the plaintiff was not entitled to recover, because Noteboom had negotiated for the purchase of the land through another agent, and had gone to Alexander for the express purpose of purchasing it. We do not think the conclusion is correct. The agency of Musser had been fully terminated when Noteboom saw the plaintiff in Alexander, and the negotiations which had been carried on to effect a purchase were without effect, and were at an end. The land was owned by another principal, represented by another agent, and was held on different terms. The plaintiff met Noteboom, explained to him the change in the ownership of the land, gave the price at which it was held, introduced him to the defendant, and assisted in effecting the sale. The evidence tends to show that the plaintiff rendered services by virtue of his agency, and that he is entitled to compensation for them. *Ford v. Easley*, 88 Iowa, 604 (55 N. W. Rep. 336); *Burns v. Oliphant*, 78 Iowa, 458 (43 N. W. Rep. 289). It is not claimed that the amount he was to receive was fixed by the contract of agency, and he asks to recover what his services were reasonably worth, and states that they are worth the commission usually charged for such sales. It may be that, by reason of the facts upon which the district court based its ruling, the plaintiff, if entitled to any compensation, should not recover so

much as is usually paid for making such sales as that in question. The amount of his recovery must depend upon the contract of agency, and the services he rendered. What we now decide is that the court erred in directing a verdict for the defendant, on the evidence before it. Its judgment is therefore REVERSED.