## W. C. MURRAY V. JOHN M. BURD, RECEIVER.

FILED JULY 1, 1902. No. 12,014.

Commissioner's opinion, Department No. 2.

1. Instructions: ISSUES: REFERENCE TO PLEADINGS. It is the duty of the trial court to state to the jury the issues which they are to find. Reference to the pleadings instead of statement of the issues directly, is a reprehensible practice and may be ground for reversal, unless, under the circumstances, the error appears to have been without prejudice.

2. ———: BURDEN OF PROOF: FACTS PLEADED. An instruction that a defendant who had admitted execution of the note sued on had the burden of proving "the material allegations" of the answer in which he set up an affirmative defense, without stating the issues raised upon such answer, *held* without prejudice where the allegations therein were few in number, plain, and simply expressed, and all material, and another instruction, stating the rules of law applicable to the defendant's case, set forth what he must establish substantially to the same effect as the facts pleaded.

3. ———: ———: PREPONDERANCE OF EVIDENCE. It is not error to instruct that the party having the burden of proof must establish his case by a "fair preponderance" of the evidence.

ERROR from the district court for Harlan county. Tried below before ADAMS, J. *Affirmed.*

*Webster S. Morlan* and *John Everson,* for plaintiff in error.

*S. A. Searle, contra.*

POUND, C.

As the bill of exceptions has been quashed, we have only to consider two assignments of error, relating to the instructions of the court. The trial court did not state the issues, but merely told the jury that the defendant, who admitted execution and delivery of the note sued on, must prove the "material allegations" of the answer, in which he set up an affirmative defense, by a "fair preponder-

ance of the evidence." There was no statement as to what allegations were material, nor as to what issues were raised upon the answer. Undoubtedly it is the duty of the trial court to state to the jury the issues which they are to find. It often happens that issues are tendered or raised by the pleadings which are immaterial in point of law, or, in view of the evidence at the trial, cease to be matters of controversy. It often happens, also, that much matter is contained in pleadings, under the Code practice, which has no bearing on the ultimate issues to be tried. The pleadings are supposed to be drawn in a more or less artificial and technical style, addressed to the understanding of trained judges. The instructions are supposed to be drawn in a plain, direct and simple style, addressed to the understanding of laymen. Hence reference to the pleadings instead of statement of the issues directly, is considered a reprehensible practice, and may be ground for reversal unless the error appears to have been without prejudice in the particular case. *Fitzgerald v. McCarty*, 55 Ia., 702, 8 N. W. Rep., 646; *Bryan v. Chicago, R. I. & P. R. Co.*, 63 Ia., 464, 19 N. W. Rep., 295; *Lindsay v. City of Des Moines*, 68 Ia., 368, 27 N. W. Rep., 283; *Myer v. Moon*, 45 Kan., 580, 26 Pac. Rep., 40; *Wilbur v. Stoepel*, 82 Mich., 344, 46 N. W. Rep., 724; 2 Thompson, Trials, sec. 2314. In this case, however, we think there was no prejudice. The allegations in the answer were few in number and were plain and simply expressed. They are all material, and a statement of the issues by the court could hardly have been more than a repetition of the pleading. There are no allegations contained in it which could have been taken out of the case by the course of the testimony without overthrowing the whole defense. Moreover, in another instruction, stating the rules of law applicable to defendant's case, the court set forth what he must establish, substantially to the same effect as the facts set up in the answer. Under such circumstances, the error has been held to be without prejudice repeatedly. *Dorr v. Simerson*, 73 Ia., 89, 34 N. W. Rep., 752; *Crawford*

*v. Nolan,* 72 Ia., 673, 34 N. W. Rep., 754; *Myer v. Moon, supra.* The phrase "fair preponderance of the evidence" is criticised and excepted to, also. But it is well settled that such phrase is unobjectionable. *Dunbar v. Briggs,* 18 Nebr., 94; *Altschuler v. Coburn,* 38 Nebr., 881.

We recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.