W. T. STEVENS, *as Administrator, etc.*, v. W. L.
MAXWELL.

**No. 12,830.** (70 Pac. 872.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Province of Court—Duty of Jury.*
It is the province of the court to determine and define the issues
in the case, and the duty of the jury to accept the interpretation
of the pleadings made by the court and to follow its directions.

2. ———— *Improper to Send Jury to Pleadings.* The practice of
sending the jury to the pleadings for the matters in controversy
cannot be approved in any case, and where the pleadings are pro-
lix and contain important and intricate averments, on some of
which no proof was offered, it is deemed to be material error.

Error from Harper district court; P. B. GILLETT,
judge. Opinion filed December 6, 1902. Reversed.

*T. A. Noftzger*, and *George B. Crooker*, for plaintiff in
error.

*Sam S. Sisson*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: In this action the trial court errone-
ously referred the jury to the pleadings to ascertain
the issues and matters in controversy. After a brief
preliminary statement of the nature of the case, the
court told the jury that, for a more detailed statement
of the claims of the parties, they were referred to the
pleadings, and copied them at length in its instruc-
tions.

The pleading of the plaintiff was a lengthy and
somewhat complicated statement of facts, relating to
the lease of a small tract of land in the interior of a
larger tract, upon which to build a store for the con-
duct of a mercantile business; the erection of the
building and the carrying on of the business therein

for a time; the use of a portion of the land not rented as a roadway to the store; the transfer of the entire tract, including that on which the store was built, by the lessor to another; the closing up of the roadway by the grantee, compelling the plaintiff to move to another location, where the public could reach the store, and a statement of the losses sustained by the wrongs of the defendant, and of the expenses and costs necessarily incurred in moving. Included in the pleading was a long lease, as well as an itemized statement of losses sustained, and the expenses arising from the alleged wrongs of the defendant in closing up the roadway.

The answer of the defendant, which was not so lengthy or involved, was read to the jury, but it included general and special denials; averments of the surrender of the lease; the purchase by the defendant of other land in consideration of the relinquishment of the leased land; and the removal of the buildings to the purchased land.

In connection with the pleadings, the court, it is true, presented some of the claims of the parties by specific instructions, but did not undertake to present all the matters in controversy on which proof had been offered. In the statement of the costs incurred and losses sustained because of the wrong-doing of the defendant, the plaintiff set forth twenty-one different items, on some of which no proof was offered and they, therefore, were not in controversy in the case. The court, in instructing the jury, said:

"In determining the amount due from the defendant to the plaintiff, if you find from the evidence that there is due the plaintiff any sum whatever, you should confine yourselves, in making your estimates, to such items as are set forth in the account of the plaintiff attached to his bill of particulars, and con-

cerning which items evidence has been permitted by the court. You will note by an examination of the account of the plaintiff that it contains a number of items concerning which no evidence has been introduced, and for these items plaintiff cannot, of course, recover."

The jury were thus not only remanded to the pleading for the matters in controversy, but were required to search out and determine for themselves the matters in dispute on which testimony had been offered.

The practice of sending the jury to the pleadings for the matters in controvery cannot be approved in any case, and in this one it was clearly erroneous. It is the province of the court to determine and define the issues in the case, and the duty of the jury to accept the interpretation of the court and to follow its directions. (*Myer v. Moon*, 45 Kan. 580, 26 Pac. 40; *Railroad Co. v. Egan*, 64 id. 421, 67 Pac. 887; 11 Encyc. Pl. & Pr. 154.) A departure from this practice is especially hurtful and to be condemned where the pleadings, as in this case, are prolix, and contain important and intricate statements of fact. The attention of the jury should have been directed to the material questions, and the immaterial matters and those on which no proof was produced should have been eliminated from the case and taken from the jury by the court. Here the jury were required to hunt out the contentions of the respective parties, and it was left to them to decide what claims should be eliminated because of the absence of proof. For this error, the judgment must be reversed and the cause remanded for a new trial.

All the Justices concurring.