## H. R. KAMM & CO. v. W. E. SLOAN & CO.
### No. 14,367.   (83 Pac. 1103.)
#### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT — *Instructions — Incorporation of Pleadings.* A trial court should clearly state to the jury the issues to be tried by them. It is not good practice to incorporate the pleadings into the instructions. Where, however, the pleadings are made up of a short petition, alleging a contract, a breach, and resulting damages, and an answer which is a general denial, it is not prejudicial error for the court, after having plainly stated the issues, to incorporate the petition into the instructions.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed December 9, 1905. Affirmed.

*I. P. Campbell & Son,* for plaintiffs in error.
*Dale &. Amidon,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff, W. E. Sloan, who was doing business under the name of W. E. Sloan & Co., recovered judgment for damages resulting to him from a breach of contract by defendants, and they prosecute error. The plaintiff pleaded an offer made to him at Wichita, Kan., by the defendants at New Castle, Colo., to sell and ship to him at Wichita six cars of potatoes of a particular kind and quality, for a given price, shipments to begin on or about October 26, 1903, and his acceptance of defendants' proposition, and a neglect and refusal by the defendants to comply with the contract, in consequence of which plaintiff was damaged $315. The answer was a general denial.

It would serve no purpose to discuss the facts or the evidence in this case; suffice it to say that the evidence supports all of the material findings of the jury,

and such findings made it necessary for the court to render judgment for the plaintiff.

Contentions of the plaintiffs in error not disposed of by the above conclusion are, first, that the court misconceived the theory upon which the action was brought, and consequently his instructions were not applicable. Upon this question it is contended that the action was brought and tried on the theory that the plaintiff was selling potatoes on commission; that, therefore, the failure of the defendants to fulfil their contract could only result in a loss to plaintiff of his commission for selling them; and that the instructions were based on the theory that plaintiff claimed to be a dealer and his damages should be measured by the difference between the contract price of the potatoes and the market value at the time and place they were to be delivered. The theory of the action was not misconceived by the court. The action was not brought by plaintiff as a commission merchant, but as an independent dealer.

Another contention is that the court erred in copying the petition and exhibits into the instructions and submitting them as a whole to the jury. It is much better practice for the court succinctly to state the issues to the jury; in many cases the pleadings do not strictly conform to the code in simplicity, and therefore tend to confuse rather than to elucidate the questions before the jury. (*Railroad Co. v. Eagan,* 64 Kan. 421, 67 Pac. 887; *Stevens v. Maxwell,* 65 Kan. 835, 70 Pac. 873; *Myer v. Moon,* 45 Kan. 580, 26 Pac. 40; *Railroad Co. v. Dalton,* 66 Kan. 799, 72 Pac. 209.) In this case, however, the petition was short, and the issues were distinctly stated in the instructions to the jury. Therefore, it cannot be said that it was prejudicial error to incorporate a copy of such a petition in the instructions.

Another contention is that the amount awarded the plaintiff is grossly excessive, tending to indicate that it was the result of prejudice, and for that reason the

verdict should have been set aside. The amount recovered was $315 and interest. The plaintiff claimed that his purchase was six cars. The evidence showed that a car holds about 500 bushels; that before accepting the defendants' offer the plaintiff had sold 1500 bushels at an advance of 10 cents per bushel, and 1500 bushels at an advance of 11 cents per bushel. A computation shows plaintiff's loss because of defendants' breach of contract was $315. To this amount the jury added interest amounting to $5.51. It does not appear from the petition that the plaintiff asked for interest, but the court in one of its instructions told the jury that if they found for the plaintiff they might award him six per cent. interest on the amount so found due, and it was in pursuance of this instruction that the jury computed the interest. It cannot be contended that the awarding of this additional amount, under the instruction of the court, is conclusive evidence that the verdict was the result of passion or prejudice. There was no complaint of this instruction. The judgment is affirmed.

All the Justices concurring.