H. J. STOUTENBURGH v. B. F. EVANS and WILLIAM E. EVANS, Appellants.

**Brokers:** RECOVERY OF COMMISSION. An agent employed to effect a sale of real estate on specified terms to designated persons is not required to show the ability of the purchaser to make the purchase to entitle him to his commission, but he must make the sale on the specified terms; he can not accept a less cash payment than authorized and hold his principal to a payment of the commission.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

THURSDAY, MARCH 11, 1909.

REHEARING DENIED SATURDAY, APRIL 10, 1909.

ACTION for commission alleged to have been earned in the sale of mining stock resulted in a judgment as prayed.—*Reversed.*

*W. N. Jordon,* for appellant.

*A. L. Steele,* for appellee.

LADD, J.—The petition alleged: That defendants "employed the plaintiff to sell and dispose of the stock of the Economy Coal Company to Heaps & Reynolds for the sum of $40,000 to be paid as hereafter provided: $5,000 to be allowed by defendants for a certain tophouse and works belonging to said Heaps & Reynolds; balance was to

be paid one-half down and the remainder to be paid in one year with interest thereon at 6 percent." That on May 28, 1907, plaintiff made the "sale to said Heaps & Reynolds upon the terms which defendant requested plaintiff to secure, $10 of which was paid to hand and the balance upon the terms above set out." That plaintiff reported said sale to defendants and tendered to them the said $10, but defendants refused to carry out the contract. These allegations are put in issue by the answer, and it is manifest that recovery of commission for services rendered must be predicated upon the theory that an actual sale was made on the terms mentioned. The evidence failed to show that Heaps & Reynolds were able to make the purchase, but this was not essential in a case where the agent is employed to effect a sale on specified terms to designated persons. To bind the principal, however, the sale must have been on such terms only. According to the petition and evidence of plaintiff the sum of $17,500 was to be paid "down," and he was without authority to accept so small an amount as $10. In receiving it with merely a promise to pay more later, plaintiff exceeded his authority, and there was no sale such as under his own version of the transaction he was empowered to make. See *Ormsby v. Graham*, 123 Iowa, 202, 214; *Naylor v. Butcher*, 93 Iowa, 340; *Felts v. Butcher*, 93 Iowa, 414; *Wilson v. Mason*, 158 Ill. 304 (42 N. E. 134, 49 Am. St. 162); *Ward v. Cobb*, 148 Mass. 518 (20 N. E. 174, 12 Am. St. 587). There having been no sale, the commission for making it was not earned.—*Reversed.*