No. 32,695

TRACY MOORE, *Appellee*, v. OSCAR OWENS, doing business as OWENS TAXICAB, *Appellant*.

(56 P. 2d 86)

Opinion filed April 11, 1936.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett*, all of Pittsburg, for the appellant.

*Sylvan Bruner*, of Pittsburg, and *Louis ·A. Wolf*, of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action for damages on account of injuries to plaintiff and his car resulting from an auto collision at the intersection of two streets in the city of Pittsburg.   The plaintiff recovered, and defendant appeals, urging the following four errors in

particular: (1) the giving of an oral instruction and statement to the jury after it had been deliberating for some hours and the court learned that it stood eleven to one; (2) the including of the pleadings in full in the regular instructions given the jury; (3) the refusal to return the jury to make a more specific answer to special question No. 6; and (4) the overruling of the motion of defendant for a new trial.

It appears from the journal entry that the jury had been deliberating upon its verdict from 1:20 p. m. until 4:45 p. m., when it was brought into the courtroom, and the court gave it a certain oral instruction, after which it retired to its jury room until 5:20 p. m. when it returned its verdict. The oral instruction or statement given to the jury by the court after learning how it was divided is as follows:

"Well, you folks, of course, realize that this case has taken part of two days to try. Now, this one juror—I don't know who it is, and I hope it isn't one of those that I picked, because that is a very sad reflection on me, because I am supposed to use good judgment in selecting jurors, and the fact that one is holding out is one that I selected, I take it as a personal reflection. Stubbornness has no place whatever in the jury room, and if you eleven agree in 15 minutes, there is certainly something wrong with this one juror. I don't want to try this case over again, and it is 10 minutes to 5. I don't see why this one juror can't be reasonable, and I am going to ask you to go back in your jury room and please try to reach a verdict before 5 o'clock."

The defendant immediately after the giving of this instruction made the following motion:

"Now, at this time the defendant asks that the jury be discharged from further consideration on this case and that a mistrial be declared by the court."

In the recent case of *Neely v. Travelers Ins. Co.*, 141 Kan. 691, 42 P. 2d 957, the giving of a certain lecture or instruction to the jury during its deliberations on the question of a hung jury and its duty to get together was held to be "insufferably coercive" and ground for reversal. The Kansas decisions pro and con were cited and considered in that exhaustive opinion and no good purpose would be served at this early date to reconsider them except to apply them to the language used in the oral instruction or statement above quoted, which we think goes as far out of the realm of the court's duties and into that belonging to the jury as did the instruction in the Neely case.

It is said in 64 C. J. 1046:

"But while the jury may be urged to agree, it is now well settled that they must be left free to act without any real or seeming coercion on the part of

the court, or to feel that should they continue to disagree, they are not to be exposed to unreasonable inconvenience nor to receive the animadversion of the court. . . ."

It is insisted that no objection was made by the defendant to the instruction or statement so as to give the court an opportunity to correct the error, if any, in making the statement, and that the motion made by the defendant to discharge the jury and declare a mistrial was not sufficient to direct the attention of the trial court to any specific mistake or error that had been made, citing *Merrick v. Missouri-K.-T. Rld. Co.*, 141 Kan. 591, 42 P. 2d 950; *Sawtelle v. Cosden Oil & Gas Co.*, 128 Kan. 220, 277 Pac. 45; *Clark v. Linley Motor Co.*, 126 Kan. 419, 268 Pac. 860; and *Isnard v. Edgar*, 81 Kan. 765, 106 Pac. 1003. In these cases it was held that it was the duty of counsel to make the objection clear to the court, instead of obscurely hinting at it. Some of these rulings were where a general objection was made to each, every and all the instructions given, and the court could not well know to which instruction or proposition involved the objection was directed. Only one thing could possibly be the ground of the objection to the oral instruction here given, and that was the urging of the court for the jury to get together and particularly criticising the one juror that was standing out and not agreeing with the other eleven. The making of the motion to discharge the jury and declare a mistrial was unquestionably because of these remarks which were not along different lines or on different subjects but all on one topic, which remarks were to the defendant so objectionable as to prompt the making of a motion for the discharge of the jury and a declaration of mistrial. This, we think, was not at all like an obscure hint but a clear and simple objection to the remarks that had just been made to the jury. We think the instruction or statement given to the jury during its deliberations was clearly coercive, and so erroneous as to make a new trial necessary.

Appellee insists that the language of the oral instruction, however objectionable, would not properly bring the matter under the provisions of R. S. 60-2914, authorizing the discharge of the jury. We think it is unnecessary to determine this point, as the instruction was plainly erroneous and the motion for discharge of the jury and to declare a mistrial was amply sufficient to meet all the requirements of an objection by calling the attention of the court to the objectionable matter, and could have resulted in the correction or

withdrawal of the instruction instead of the discharge of the jury. Appellee, concerning the same matter, asserts that no intimation was made that defendant was prejudiced thereby, nor is the matter asserted as error in the motion for a new trial, citing the Sawtelle case, *supra*.

The seventh cause of the motion for a new trial was "erroneous instructions given by the court to the jury," which was under the heading of causes which affect materially the substantial rights of the defendant. R. S. 60-3001, giving the definition and grounds for a motion for a new trial, names as the second ground, "erroneous rulings or instructions of the court." So the motion was following generally the language of the statute, and the journal entry states that the motion was argued by attorneys on both sides. This is sufficient to bring the matter of erroneous instructions to the attention of the court. (*Coal Co. v. Nicholson*, 93 Kan. 638, 145 Pac. 571.)

The second assignment of error is the including of the pleadings in full in the instructions. As set out in the printed abstract they cover ten pages. It was said in *Stevens v. Maxwell*, 65 Kan. 835, 70 Pac. 873:

"It is the province of the court to determine and define the issues in the case, and the duty of the jury to accept the interpretation of the pleadings made by the court and to following its directions." (Syl. ¶ 1.)

In the case of *Williamson v. Oil and Gas Co.*, 94 Kan. 238, 146 Pac. 316, it was held:

"It is not error to incorporate into the court's instructions the plain and simple language of the pleadings when the issues are fairly presented to the jury by the instructions as a whole." (Syl. ¶ 1.)

In the case of *Kamm v. Sloan*, 72 Kan. 459, 83 Pac. 1103, it was held:

"A trial court should clearly state to the jury the issues to be tried by them. It is not good practice to incorporate the pleadings into the instructions. Where, however, the pleadings are made up of a short petition, alleging a contract, a breach, and resulting damages, and an answer which is a general denial, it is not prejudicial error for the court, after having plainly stated the issues, to incorporate the petition into the instructions."

In the recent case of *Balano v. Nafziger*, 137 Kan. 513, 21 P. 2d 896, which was an automobile collision case, it was said that it was not error for the trial court, in outlining in the instructions to the jury the nature of the plaintiff's cause of action, to copy the several allegations of negligence contained in the petition that are supported

by some evidence, provided the allegations are in plain and simple language capable of being easily and readily understood.

There can be no question as to the better practice being not to include the pleadings in full in the instructions.

The third assignment of error is the refusal of the trial court to return the jury to make a more specific answer to special question No. 6. The answer was definite as to direction but not as to distance, and yet the question was not definite and certain that distance as well as direction was desired. We find no error in this assignment.

Of course, under the conclusion reached above as to the giving of the oral instruction to the jury concerning its duty to get together, we think the motion for new trial should have been sustained.

The judgment is reversed and the cause is remanded with directions to sustain the motion of defendant for a new trial.