OTTO SIEMSSEN V. WILLIAM R. HOMAN.

[FILED DECEMBER 20, 1892.]

1. **Real Estate Brokers:** SALE OF LANDS: WHEN RIGHT TO COMMISSION ACCRUES. A real estate broker who is employed to sell or dispose of the property of his principal is entitled to recover his commission whenever he has procured a customer who is willing and able to purchase the property at the price and upon the terms named by his principal.

2. ——: ——: ——: INABILITY OF PURCHASER TO COMPLY WITH TERMS OF AGREEMENT. *Held,* That the evidence clearly shows that the customer was not able to purchase in accordance with the terms of his agreement and that the broker is not entitled to recover.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Cavanagh, Atwell & Thomas,* for plaintiff in error:

Whenever a broker or real estate agent seeks to recover his commission he must establish that he has procured a purchaser who is ready and willing and has the financial ability to complete the purchase. (*Vinton v. Baldwin,* 88 Ind., 104; *Lane v. Albright,* 49 Id., 275; *Reyman v. Mosher,* 71 Id., 596; *Moses v. Bierling,* 31 N. Y., 462; *Mooney v. Elder,* 56 Id., 238; *Hart v. Hoffman,* 44 How. Pr. [N. Y.], 168;

*Richards v. Jackson*, 31 Md., 250; Mechem, Agency, sec. 966; *Iselin v. Griffith*, 62 Ia., 668; *Coleman v. Mead*, 13 Bush [Ky.], 358; *Pratt v. Hotchkiss*, 10 Ill. App., 603.)

*Kennedy & Learned, contra:*

Where a real estate broker has procured a purchaser for the property of his principal, the solvency and ability of such purchaser to perform the obligations of his contract will be presumed until the contrary is proven. (*Grosse v. Cooley*, 45 N. W. Rep. [Minn.], 15; *Crevier v. Stephen*, 40 Minn., 288; *Goss v. Broom*, 31 Id., 484.)

POST, J.

This is a petition in error from the district court of Douglas county. The material part of the petition in that court is as follows:

" The plaintiff complains of the defendant for that on or about the 20th day of February, 1889, said defendant placed in the hands of the plaintiff as agent to sell, trade, or dispose of lot 11 in block 33, Kountz Place, an addition to the city of Omaha, on the sale, trade, or disposal of which the defendant agreed to pay the plaintiff the sum of $200. On or about the 27th day of February, 1889, the plaintiff sold, traded, and disposed of said lot for the benefit of said defendant, and has duly performed all the conditions of said contract on his part to be performed."

The answer is a general denial. From the bill of exceptions it appears that the defendant in error procured from one F. P. Roll an offer to exchange certain real estate owned by the latter in the city of Omaha for the property of the plaintiff in error, which resulted in the execution of the following agreement in writing:

"OMAHA, NEB., February 26, 1889.

" This memorandum of agreement witnesseth, that Otto Siemssen has this day sold to Frank P. Roll lot 11 in block

33, Kountz Place, subject to $3,500 first mortgage and accumulated interest in favor of Union Trust company, said Roll to give said Siemssen a second mortgage of $1,500, due in one, two, and three years from this date, on said Kountz Place lot, drawing eight per cent interest, and the east fifty feet of the west one hundred and forty feet of lot 16, Bartlett's addition, all of above described property situate in Omaha, Douglas county, Nebraska; said lot in Bartlett's addition is to be conveyed subject to a mortgaged indebtedness of $2,800, including interest, also subject to special taxes, each party to furnish abstract of title, and each party to pass title to the other as soon as the necessary papers can be made out and executed."

It is conceded that the amount of mortgages appearing of record as liens against the property to be conveyed by Roll was about $3,100, or $300 in excess of the amount stipulated in the agreement set out above. Defendant in error, having been notified that the liens against said property exceeded the amount specified in the agreement, requested plaintiff in error to assume that amount in addition to the liens provided for and allow Roll to assume other incumbrances as a consideration therefor. This proposition was rejected by plaintiff in error. The latter, on the 4th day of March, notified defendant in error by letter that unless the necessary conveyances were executed by Roll in accordance with the terms of the contract within twenty-four hours he would consider the trade at an end. On the 8th day of February following Roll wrote plaintiff in error as follows:

"Omaha, Neb., February 8, 1889.

"*Mr. Otto Siemssen*—Dear Sir: I am ready to make the trade with you consummated by Mr. Homan according to the terms of the agreement entered into between us, and shall expect you to comply with your part of the engagement.                    Respectfully yours,

"F. P. Roll."

There is, however, no competent evidence that Roll had reduced the amount of liens against his property to the amount above named, or that he was able to convey in accordance with the terms of his contract.   The only evidence on that point is the testimony of the defendant in error, which is to the effect that he had been informed by Roll that he, Roll, had made arrangements with Mr. Dall by which the latter was to release of record a mortgage held by him against the premises and take instead thereof a second mortgage on the property to be conveyed by plaintiff in error.   He testifies explicitly that his only information on the subject is derived from the statement of Roll.   When asked if the indebtedness against Roll's property had been paid off at the time a deed was tendered on the 8th day of February he testifies: "I do not know. It may have been paid, but I do not know.   As I understood at the time that after that Mr. Siemssen was ready to give us a deed and that we were ready to give him the deed to Mr. Roll's property and close the matter up in accordance with what we had previously agreed."   It is clear that Roll was not able to convey in accordance with his agreement, and the effect of his default was to discharge plaintiff in error from liability.   To warrant a recovery for services in an action by a broker he must have procured a purchaser who was ready and able to complete the purchase. (Mechem on Agency, 966, and authorities cited in note.)   It is argued, however, by defendant in error that for the purpose of his compensation the exchange of property was consummated upon the execution of the written agreement set out above.   We have no occasion to determine from the authorities the general rule, since it is clear to us from the evidence in the bill of exceptions that the understanding of the parties was that his compensation depended upon an execution of the contracts between the plaintiff in error and Roll.   For instance, on the 8th day of March he addressed to plaintiff in error the following note:

" As Mr. Roll is willing to close up the trade in accord-
ance with the agreement, and you have refused to do so, I
shall insist on my commission, as I fairly earned it.   Please
send me check for $200 and oblige

"Yours truly,               W. R. Homan."

Had Roll been able to convey in accordance with the
terms of his agreement, defendant in error would have
been entitled to his compensation notwithstanding the re-
fusal of the plaintiff in error, but having failed to procure
a customer able to complete the purchase of the property,
he cannot recover, and the judgment of the district court is

REVERSED.

THE other judges concur.