JOHN M. BARBER ET AL. V. JULIA A. HILDEBRAND
ET AL.

FILED OCTOBER 17, 1894. No. 5504.

1. **Real Estate Brokers:** WHEN RIGHT TO COMMISSION AC-
CRUES: CONTRACTS. A real estate broker is ordinarily entitled
to his commission when he has produced a purchaser willing
and able to purchase on the terms proposed by the principal, but
the broker and principal may agree on different terms, and if
they do so, the broker is only entitled to commission when he
has complied with the terms of the special contract.

2. **Evidence:** CONTRACT BETWEEN BROKER AND PRINCIPAL.
In establishing the contract between the broker and his princi-
pal the parties are not bound by the terms of the written con-
tract between the principal and purchaser, although it may evi-
dence a portion of the broker's contract. In such a case parol
evidence may be introduced, even if it operate to contradict or
vary the terms of the written contract between the principals.

3. **Real Estate Brokers:** COMMISSION. Where the contract be-
tween the principal and the broker was that no commission
should be paid unless an exchange of land were actually con-
summated, and a contract of exchange was entered into whereby
the exchange was made conditional upon the purchaser's fur-
nishing an abstract showing perfect title to the land to be given
by him in exchange, and the purchaser furnished an abstract
which did not show good title in him, and the exchange was
not effected, *held*, that the broker was not entitled to his com-
mission.

Barber v. Hildebrand.

4. **Evidence: FOREIGN LAWS.** The law of a sister state, when involved in the determination of an action here, is a fact to be established by evidence, and, so far, at least, as it is not statutory, is the proper subject of expert testimony.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

The facts are stated by the commissioner.

*Talbot & Bryan,* for plaintiffs in error:

Everything talked of before the written contract was signed was merged in that contract, and the court erred in allowing witnesses to testify, over plaintiff's objections, to matters previously discussed. (2 Parsons, Contracts, pp. 679, 680; *Kain v. Old,* 2 Barn. & C. [Eng.], 627; *Mumford v. M'Pherson,* 1 Johns. [N. Y.], 414; *Hamilton v. Thrall,* 7 Neb., 210; *Mills v. Miller,* 4 Neb., 441; *Dodge v. Kiene,* 28 Neb., 216.)

The contract between the two principals was binding in law. (1 Parsons, Contracts, p. 6; 3 Am. & Eng. Ency. Law, 41; *Baker v. Kansas City, St. J. & C. B. R. Co.,* 3 S. W. Rep. [Mo.], 486; *McGavock v. Woodlief,* 20 How. [U. S.], 221; *Kock v. Emerling,* 22 How. [U. S.], 69; *Sibbald v. Bethlehem Iron Co.,* 38 Am. Rep. [N. Y.], 444.)

There was no condition outside of the contract binding upon the parties, and the verdict is contrary to instructions. (*Goss v. Stevens,* 32 Minn., 472; *Middleton v. Findla,* 25 Cal., 76; *Barnard v. Monnot,* 3 Keyes [N. Y.], 203.)

The broker earned his commission when he procured parties to sign the contract introduced in evidence which was acceptable to themselves. (*Barnard v. Monnot,* 3 Keyes, [N. Y.], 203; *Love v. Miller,* 53 Ind. 294; *Pearsen v. Mason,* 120 Mass., 53; *Leete v. Norton,* 43 Conn., 219 ; *Knapp v. Wallace,* 41 N. Y., 477 ; *Cook v. Fiske,* 12 Gray [Mass.], 491; *Glentworth v. Luther,* 21 Barb. [N. Y.], 145;

30

*Doty v. Miller*, 43 Barb. [N. Y.], 529; *Shepperd v. Hedden*, 29 N. J. Law, 341; *Lincoln v. McClatchie*, 36 Conn., 136; *Mooney v. Elder*, 56 N. Y., 238; *Higgins v. Moore*, 34 N. Y., 424.)

The broker is not a guarantor of title and the court erred in allowing the abstract to the property in controversy to be introduced in evidence. (*Doty v. Miller*, 43 Barb. [N. Y.], 529; *Moses v. Bierling*, 31 N. Y., 462; *Glentworth v. Luther*, 21 Barb. [N. Y.], 147; *Van Lien v. Byrnes*, 1 Hilt. [N. Y.], 134.)

*Thomas C. Munger, contra*:

Reference was made in argument to authorities as follows: On first point made by plaintiffs in error: *Morrissey v. Schindler*, 18 Neb., 672; *Oberfelder v. Kavanaugh*, 29 Neb., 430; *Palmer v. Witcherly*, 15 Neb., 100; *Stevenson v. Anderson*, 12 Neb., 83; *Wright v. Greenwood*, 7 Neb., 435; *Norman v. Waite*, 30 Neb., 302. On second point made by plaintiffs in error: *Fraser v. Wyckoff*, 63 N. Y., 445. On third point made by plaintiffs in error: *Delaney v. Linder*, 22 Neb., 274.

The brokers would not be entitled to a commission under the contract, and Hildebrand was not liable, until the condition for furnishing an abstract showing a perfect title was performed. (*Fraser v. Wyckoff*, 63 N. Y., 445; *Rockwell v. Newton*, 44 Conn., 333; *Pierce v. Truitt*, 12 Atl. Rep. [Pa.], 661; *Hyams v. Miller*, 71 Ga., 608; *Ward v. Cobb*, 148 Mass., 518.)

The rule that a broker is entitled to his commissions when he has made a contract between the parties is limited to contracts binding the parties, and of which the courts will decree a specific performance. (*Ward v. Cobb*, 148 Mass., 518; *Love v. Miller*, 53 Ind., 294; *Rice v. Mayo*, 107 Mass., 550.)

Specific performance will not be decreed where the vendor's title is defective. It must be free from reasonable

doubt. (Pomeroy, Equity Jurisprudence, sec. 1405; Maxwell, Pleading and Practice, 630; *Bensel v. Gray*, 80 N. Y., 517.)

Irvine, C.

Barber and Fowler, the plaintiffs in error, sued Julia A. Hildebrand and Fred Hildebrand, her husband, for $250, alleged to have been earned by the plaintiffs as brokers in effecting an exchange of real estate for the defendants. There was a verdict and judgment for the defendants which the plaintiffs seek to reverse. Thirty errors are assigned. In argument the plaintiffs in error do not treat them separately, but discuss several general propositions, to one or another of which each of the assignments of error relates. We shall pursue the same course.

Mrs. Hildebrand was the owner of certain real estate and personal property in Lancaster county, and of what the parties style a "relinquishment of filing" on certain land in Holt county. There is no doubt that there was some arrangement made with the plaintiffs, who were real estate brokers, to obtain an exchange of this property. It is equally clear that through the efforts of the plaintiffs a contract, the nature of which will be hereafter referred to, was entered into between the Hildebrands and one Wright, whereby Wright was to exchange for the property certain hotel property in Shenandoah, Iowa. It further appears that the contract was not carried into effect and the exchange was never in fact made. The plaintiffs contend that their duties were discharged and their commissions earned when they produced Wright, able and willing to make the exchange on terms fixed by Hildebrand. The answer of Fred Hildebrand was a general denial. The evidence clearly showed that he was merely agent for Julia. The court instructed a verdict in his favor, and we do not understand that the plaintiffs now complain of that action. The defenses of Julia Hildebrand were: (1) A denial of

the contract with Wright, set out in the petition; (2) that the contract between her and the plaintiffs was that no commission should be paid except upon an exchange made upon terms fixed by her, and upon the consummation of the exchange to the satisfaction of both parties by the delivery of deeds; (3) that one of the terms of Mrs. Hildebrand's contract with plaintiffs was that any purchaser must produce an abstract of title of the property to be exchanged showing perfect title, and that unless perfect title should be shown by such abstract, no exchange should be effected and no compensation paid plaintiffs; (4) that Wright's property was not as represented, either as to incumbrances or description. The contract between Wright and Hildebrand described the property to be exchanged and stated the price, and then concluded as follows: "Each party furnishing abstract showing perfect title and deeding property with good and sufficient warranty deed. * * * Second party reserves the right to see said property again, and if property is not as represented, then this contract to be void, otherwise in full force and effect. Each party agrees to pay one-half commission on said deal, commission to be $500." This was signed by Wright and by "Julia Hildebrand, by Fred Hildebrand." Below the signatures was the following: "This is to certify that I have examined said property in the within contract and find same as represented, and this day accept same." This last sentence was subscribed by Julia Hildebrand. The evidence was conflicting as to whether she signed her name below this statement, knowing it was there, or whether she subscribed the contract and this statement was thereafter written above her signature. For the purpose of considering the questions presented for review this question is not very important.

The first proposition of the plaintiff in error is that all oral negotiations were merged in the written contract, and that the court erred in allowing witnesses to testify as to

such oral negotiations.  An examination of the record and of the assignments of error does not show that any effort was made to prove that the actual contract between Wright and Mrs. Hildebrand was other than as embodied in the writing.  The evidence objected to related not to the contract between Wright and Mrs. Hildebrand, but to the contract between the brokers and Mrs. Hildebrand, upon which this suit is based.  The writing did not embody this contract.  The final clause, that each party should pay one-half of the commission, amounting to $500, was simply an agreement between vendor and purchaser to divide this commission between them.  It was not a contract with the brokers for the payment of a commission.  Whatever the contract may have been between Wright and Mrs. Hildebrand, the right of the brokers to their commission depended not upon this contract, except as it might evidence the performance of the brokers' contract, but it depended upon the agreement between the vendor and the brokers. This lay in parol and the evidence was properly admitted.

The second proposition of plaintiffs is as follows: "That the contract between the two principals was binding in law."  The sixth proposition is that "the written contract for the purchase of the real estate, binding the purchaser and seller, was a sale, and the broker was, therefore, entitled to his commission."  There is no doubt that the written contract was sufficient to satisfy the statute of frauds, but it does not follow that the brokers were, therefore, entitled to their commissions.  The contract was conditional in two respects.  In the first place "perfect title" was required to be shown by an abstract furnished by the vendor, and in the next place Mrs. Hildebrand reserved the right to examine the property, and if she found it not as represented the contract became void.  There was evidence tending to show that the contract of employment was substantially as alleged in Mrs. Hildebrand's answer, in which case the contract of sale would not entitle the brok-

ers to commission unless these conditions were satisfied and the sale in fact made.

The third proposition is "that there was no condition outside of the contract binding on the parties, and that the verdict is contrary" to certain instructions. The point urged here is that if an enforceable contract of sale was entered into between the principals their failure to perform it, or its subsequent rescission, would not defeat the brokers' right to commission. There is no doubt of the correctness of this proposition, but the instructions which it is said that the jury must have disregarded in this respect submitted the question as to whether or not the conditions upon which alone the contract was to become operative had been satisfied. Upon this the evidence warranted the finding that one at least, to-wit, that in regard to abstracts disclosing perfect title, was not satisfied. The jury evidently found that the contract of employment was as asserted by Mrs. Hildebrand, and that the contract did not become enforceable by reason of defects in Wright's title. These findings were sustained by the evidence and warranted by the instructions, and the result was not in violation of the principle that an enforceable contract between the principals entitled the brokers to their commission, without regard to unenforceable parol conditions or subsequent conduct.

The fourth proposition is that the brokers earned their commission when they procured parties to sign a contract acceptable to the principal. Nothing need be said on this except that it overlooks the condition attached to the contract of sale, and would only be applicable to this case, had the contract been unconditional, or if the condition had been performed, a state of affairs evidently contrary to the finding of the jury here.

The fifth proposition is that the broker is not a guarantor of title, and the court erred in allowing in evidence the abstract of title and extrinsic evidence as to its condition.

The brokers were not guarantors of title, and had the sale failed because of a defect in the Hildebrand title, Mrs. Hildebrand could hardly defeat the action upon that ground. But we reiterate that it was a condition of the contract that perfect title to land acquired should be shown by an abstract to be furnished for that purpose, and it was the brokers' duty to procure not only a purchaser willing to buy but one able to buy, and if they procured a purchaser who was not able to show the title the contract required, to the property which he was to give in exchange, he was not able to meet the vendor's terms and the commission was not earned. By the contract the parties rested the title upon abstracts to be furnished. The abstract which was furnished by Wright was competent evidence as to the state of his title and property admitted for that purpose. Several lawyers were called as witnesses, who testified that they had examined the abstract and that it did not show title in Wright. We think that this evidence was competent. Wright's property was in Iowa. The law of Iowa determined his title. The law of Iowa, as applicable to the facts shown by the abstract, was a fact in this case and, except as to statute at least, the proper subject of expert testimony. (Code of Civil Procedure, sec. 420.)

A more detailed discussion we think would be without profit. The fundamental error running through the argument of plaintiffs is that they conceive the written contract to be an absolute and enforceable contract between the principals, whereas it was a conditional contract. There was evidence tending to show that the conditions were not complied with; that Hildebrand was not at fault, and that her agreement was to pay only in case an exchange was consummated. The determination of these general questions practically disposes of all the assignments of error.

JUDGMENT AFFIRMED.