JOHN O. GREUSEL v. J. A. DEAN, Appellant.

| 98 | 405 |
| o124 | 460 |
| 98 | 405 |
| 125 | 383 |
| 98 | 405 |
| 132 | 252 |

**Land Sale Commission:** CONSTRUCTION OF CONTRACT WITH AGENT. Where the owner of property personally agreed to pay an agent a commission in case he should succeed "in disposing of" the property, on acceptable terms, and the agent procured a purchaser, who made a written contract with the owner to buy the goods, and to pay for the same partly with a deed to certain land, and such purchaser was unable to perform his contract, for want of title to such land, the agent was not entitled to commission.

ROBINSON, J., took no part.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, MAY 21, 1896.

SEPTEMBER, 1, 1894, plaintiff and defendant entered into an oral contract, whereby it was agreed that

plaintiff should receive a commission of one hundred and fifty dollars when he should succeed in disposing of certain personal property, then belonging to the defendant, on terms acceptable to the defendant. September 5, 1894, plaintiff brought to the defendant one Buckingham, who entered into a written contract of sale with defendant, by the terms of which, defendant was to transfer to Buckingham the property referred to in the contract between plaintiff and defendant, after said Buckingham had paid or secured to him one thousand five hundred dollars, and had delivered to him warranty deeds and abstracts of title to four hundred acres of land in the state of Missouri, and a lot in Akron, Iowa, showing clear title in himself. Buckingham failed to furnish the abstracts, and to make the payments required by the contract. Plaintiff's action is to recover the commission claimed as due by reason of a sale of the property to Buckingham, and defendant contends that, inasmuch as Buckingham failed to carry out the contract on his part, there was no completed sale, and plaintiff cannot recover. The cause was tried to a jury, a verdict returned for plaintiff for the amount claimed, and judgment entered thereon. Defendant appeals.— *Reversed.*

*William Milchrist* for appellant.

*Sawyer & Van Wagenen* for appellee.

KINNE, J.—The real question in the case, is whether plaintiff's right to his commission was dependent upon the carrying out of the written contract between defendent and Buckingham, or its being capable of enforcement by defendant, or whether he became entitled to the same when he procured a purchaser, who entered into a contract for the purchase

of plaintiff's property upon terms and conditions which were satisfactory to plaintiff. The defendant's claim is that nothing was due plaintiff, because the contract between defendant and Buckingham had never been carried out by the latter. The question is made by objections to the admission of evidence, and by exceptions to instructions given by the court to the jury. The allegation of the petition is that defendant agreed to pay plaintiff a commission "for his said services, in the sum of one hundred and fifty dollars, whenever plaintiff should succeed in disposing of said property, in the manner, and on the terms, acceptable to the defendant." It is then averred that Buckingham, who was brought by plaintiff to the defendant, agreed to and did purchase said goods, on terms acceptable to the defendant. Plaintiff was to dispose of the property in the manner and on terms accceptable to the defendant. Now, he brought the defendant and Buckingham together, and they entered into a written contract for the sale of the goods, on terms acceptable to the defendant. By the terms of this contract, Buckingham was to pay a sum of money, and convey a house and lot in Akron, Iowa, and a tract of land in the state of Missouri. The title to all of this real estate was to be shown to be clear and free from incumbrance, and to be conveyed by warranty deed, and accompanied by abstracts of title showing clear title. The abstracts furnished did not show title in Buckingham.

The law is settled in this state that, to entitle plaintiff to his commission under the contract, he must find a purchaser who is able and willing to make the purchase and complete the contract. *Dent v. Powell*, 93 Iowa, 711 (61 N. W. Rep. 1043); *Cassady v. Seeley*, 69 Iowa, 510 (29 N. W. Rep. 432); *Blodgett v. Railway Co.*, 63 Iowa, 609 (19 N. W. Rep. 799); *Ford v. Easley*, 88 Iowa, 605 (55 N. W. Rep. 336); *Iselin v. Griffith*, 62

Iowa, 670 (18 N. W. Rep. 307); Mechem. Ag. sections
612, 966; *Condict v. Cowdrey* (N. Y. App.) (34 N. E. Rep.
781); *Barber v. Hildebrand* (Neb.) (60 N. W. Rep. 594);
*Freedman v. Gordon* (Colo App.) 35 Pac. 879; *Siemssen
v. Homan,* 35 Neb. 892 (53 N. W. Rep. 1012). The facts
show that Buckingham was not "able and willing" to
complete the contract. Not having title to the land
proposed to be deeded to the defendant, he could not
perform the contract on his part.

The court instructed the jury that "plaintiff would
be entitled to his commission, upon the defendant's
making a contract with James Buckingham for the
sale of the property of the defendant upon terms and
conditions that were satisfactory to the defendant,"
and the fact that the contract was not carried out
would not defeat plaintiff's right to recover. Plain-
tiff's contract to dispose of said property was not exe-
cuted by finding one who would enter into a contract
for its purchase in the manner and on terms agreeable
to the defendant. It seems to us that the contract of
the parties contemplated a completed sale and trans-
fer of the property, or the making of such a contract
of sale as was enforceable. Owing to the inability of
the defendant to make title, the sale was never fully
consummated. Counsel for appellee rely upon *Burns
v. Oliphant,* 78 Iowa, 456 (43 N. W. Rep. 289); *Francis
v. Baker,* 45 Minn. 83 (47 N. W. Rep. 452); *Potvin v.
Curran,* 13 Neb. 302 (14 N. W. Rep. 400), and other
like cases. In the last case it appears that a
sale was made and a portion of the purchase
price paid; but for some reason, which does not
clearly appear, it was never fully consummated.
It would seem that the reason that it was not com-
pleted, was the fault of the seller. In *Francis'
Case,* the doctrine is recognized that, to earn his com-
mission, the agent must procure a purchaser who is
"ready, able, and willing" to buy on the proposed

terms, and it is held that when the principal accepts
such purchaser, and enters into a binding and enforce-
able contract with him for the purchase of the prop-
erty, the commission is earned, although the sale is
not completed or executed by payment of the consid-
eration to the vendor. To the same effect is the
*Burns Case.* It is there said, "If they [the agents]
brought the defendant and Kleeb into negotiations,
which resulted in a written agreement between them,
which either could enforce against the other, that
would be a performance of the contract of employ-
ment as alleged," and that it was immaterial who was
at fault, in that the written contract was not carried
out. In the case at bar, neither party could enforce
the contract against the other, because of failure of
title in Buckingham. Therefore, there was no dis-
posal of the property, within the meaning of the
contract, and hence no commission earned. If
Buckingham had been ready, able, and willing
to have completed the sale, or if the contract
entered into between him and the defendant could
have been enforced, then a failure to complete the
sale by reason of the fault of the defendant would not
have deprived plaintiff of his right to his commission;
and it may be that such would be the case, though
Buckingham was not willing to complete the sale, if
the situation was such that the contract could have
been enforced as against him. The case at bar, it
seems to us, is not, therefore, in its facts, within the
rule of the cases last cited. We hold that in a case
like this, when the agent undertakes to dispose of the
property, his commission is not earned when the par-
ties enter into a contract of sale, when, by reason of
failure of title in the purchaser to land he is to deed
the seller, he is unable to comply with his contract.
There is in such a case no disposal of the property,
within the meaning of the contract, and until such

disposal, no commission is due the agent. As we have already indicated, we think the contract contemplates, not merely a contract of purchase of the defendant's property, but a disposition of the property, a completed sale, or such a contract as may be fully enforceable against the purchaser. The instructions in this respect were wrong, and there could be no recovery under the facts proven.—REVERSED.

ROBINSON, J., took no part in the decision of this cause.