## FRANK REINA v. HUGH HAMILTON ET AL.

Decided January 26, 1910.

**Vendor and Vendee—Contract—Abstract of Title.**

Where the evidence shows affirmatively that in the contract for the sale of land the vendor did not agree to furnish to the vendee an abstract of the title, his failure · to furnish such abstract was not a breach of his contract to sell, and upon refusal by the vendee to take and pay for the land, the vendor was at liberty to sell to any other party.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*C. E. & A. E. Heidingsfelder,* for appellant.

*Baker, Botts, Parker & Garwood,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—Appellant Frank Reina brought this suit against appellees Hamilton and G. Giaccone for the recovery of certain land situated in the city of Houston, alleging that the land had been. purchased by Hamilton for him, Reina, but that the said Hamilton had thereafter refused to execute to him a proper deed and furnish him an abstract of title to the land, but had sold the same to appellee Giaccone, who purchased with notice of the fact that Hamilton had bought the property for appellant.

Hamilton in his answer denied that he had purchased the property for the account of appellant, and alleged that he purchased it for himself and thereafter agreed to sell it to Reina for a price agreed upon between them; that Reina demanded an abstract of the title from him which he refused to furnish, and that thereupon Reina refused to purchase the property.

Giaccone alleged in his answer that he bought the property from Hamilton without notice of any claim of Reina, paying a valuable consideration therefor.

The case was tried before a jury and resulted in a verdict and judgment for appellees. Reina's motion for a new trial was overruled and he prosecutes this appeal.

The evidence in the record justifies the following conclusions of fact: Certain land in the city of Houston, known as the "Green Tree" property, was owned by a relative of Hamilton. Reina desiring to purchase it, and his previous efforts to buy from the owners having proven fruitless, he requested Hamilton to buy it for him. At that time Reina had on deposit with the Houston Ice & Brewing Company, of which Hamilton was president, a sum of money in excess of the amount Hamilton afterwards paid for the land, for which Reina held the company's promissory notes, and Hamilton was authorized by Reina to pay for the land out of this fund. Hamilton agreed to buy the property and sell it to Reina; and thereafter did purchase it, paying for it with his own money and taking the deed in his own name. Afterwards he made out a deed conveying the land to Reina, for a consideration agreed to by Reina, but which exceeded

the amount paid by Hamilton, which deed he delivered to Reina. After keeping the deed awhile he returned to Hamilton, bringing the deed with him, and demanded an abstract of the title, which Hamilton refused to furnish to him. Thereupon Reina refused to accept the deed and take the property. His testimony on this point, quoting his language, is as follows: "If he would give me an abstract I would buy the place. Until Mr. Hamilton did furnish an abstract I was not willing for Mr. Hamilton to take the money. I wanted the thing straight; I would not take the property; I wanted things straight; I was not willing to take the property until Mr. Hamilton gave me an abstract. I am willing to pay as long as he gave me an abstract; if he gave me no abstract, I did not want to take it." It appears that Hamilton never agreed to furnish an abstract to Reina.

The testimony tends to prove that the deed tendered to Reina by Hamilton was not signed, but no objection was made by Reina on that account, but he refused to take the property and complete the transaction solely on account of Hamilton's refusal to furnish him an abstract of the title. There is nothing in the evidence to indicate that Hamilton was not willing to sign and acknowledge the deed had Reina been satisfied with its form.

When Reina refused to take the property he was tendered and received the money deposited by him with the brewing company, and surrendered the note of the company he held.

Several of the assignments of error urged by appellant for a reversal are not presented in accordance with the rules and for that reason will not be considered, and those properly presented will not be considered in detail.

The evidence showing affirmatively that Hamilton did not agree to furnish to Reina an abstract of the title, his failure to furnish was not a breach of his agreement, nor did it authorize Reina for that purpose to repudiate the agreement to take and pay for the land, and Reina having repudiated his agreement, Hamilton had the right to sell it to Giaccone or anyone else, and to vest the title in him regardless of any notice the purchaser may have had at that time of the negotiations between Hamilton and Reina.

We think that the judgment rendered in the court below was the only one that could have been properly rendered under the facts, and the judgment is therefore affirmed.

*Affirmed.*