### WEBB et al. v. DURRETT.

(Court of Civil Appeals of Texas. April 22, 1911.)

1. BROKERS (§ 58*)—ACTION FOR COMMISSIONS—MISREPRESENTATIONS.

Where, in an action for broker's commissions in inducing a contract for the exchange of land for an interest in a stock of goods, defendant claimed that he was induced to sign the contract, which he subsequently refused to complete, because of false representations that the stock was unincumbered, and that the owner refused to complete the contract unless defendant would pay off an incumbrance on the goods amounting to $2,000, the court erred in refusing to charge that, if the jury found that at the time of the contract the owner of the goods falsely represented that the goods were unincumbered and defendants were influenced thereby to execute the contract, they should return a verdict for him, since, if such misrepresentation was established, it invalidated the entire contract and rendered it unenforceable against defendant unless the goods were tendered free from incumbrance.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 90; Dec. Dig. § 58.*]

2. SPECIFIC PERFORMANCE (§ 95*)—EXCHANGE OF PROPERTY—INCUMBRANCES.

Where a contract for an exchange of land for an interest in a stock of goods required the owner of the stock to tender it free from incumbrance, and he refused to do so, the exchange contract was not subject to specific performance as against the landowner, nor could the landowner compel performance, as a court of equity has no power to compel the removal of the incumbrance.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 95.*]

3. SPECIFIC PERFORMANCE (§ 68*)—CONTRACT TO CONVEY CHATTELS—NATURE OF REMEDY.

Specific performance will not be decreed of a contract to convey chattels having a market value, free from incumbrance, in the absence of proof that a judgment for damages will not afford adequate relief.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 199; Dec. Dig. § 68.*]

4. BROKERS (§ 58*)—CONTRACT—PERFORMANCE.

A broker employed to procure a purchaser for land is not entitled to recover commissions unless the contract procured by him amounts to a sale, which could be specifically enforced by the vendor, and that he could recover damages of the purchaser for breach of contract is insufficient.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 90; Dec. Dig. § 58.*]

Appeal from Jones County Court; Jas. P. Stinson, Judge.

Action by T. J. Durrett against B. D. Webb and others. From a judgment in favor of plaintiff T. J. Durrett and in favor of N. N. Durrett against Webb, he appeals. Reversed and rendered.

J. B. McMahon, for appellant. C. P. Chastain and Brooks & Brooks, for appellees.

DUNKLIN, J. T. J. Durrett, plaintiff, recovered a judgment against B. D. Webb as principal, and N. N. Durrett as guarantor, for $180, the judgment being also in favor of N. N. Durrett on his plea over against Webb, and Webb has appealed. The suit originated in the justice court, but was appealed to the county court, and in both courts was tried on written pleadings. According to allegations contained in plaintiff's petition, defendant Webb employed defendant N. N. Durrett, a real estate broker, to procure a purchaser for a certain tract of 480 acres of land owned by Webb, agreeing to pay the broker for such services a commission of 5 per cent. on the amount realized by the sale. The broker procured a purchaser in one Dr. Cantrell at the price of $7.50 per acre, and thereby earned a commission of $180. For a valuable consideration paid to him by plaintiff N. N. Durrett, the broker transferred to plaintiff his claim against Webb for the commission so earned, and by an instrument of writing guaranteed its payment. The suit was instituted in Jones county, where plaintiff and defendant N. N. Durrett resided, but Webb resided in Foard county. By plea in abatement Webb invoked the statutory privilege to be sued in the county of his residence, basing that plea upon allegations that the alleged transfer of the claim sued on to plaintiff and guaranty of its payment were fictitious and done for the sole purpose of conferring jurisdiction upon the court in which the suit was instituted over him (the defendant Webb).

The plaintiff introduced in evidence a contract in writing between Dr. Cantrell and defendant Webb which by its terms purported to bind the former to purchase and the latter to sell the land for $7.50 per acre, and the plaintiff introduced other evidence tending to show that N. N. Durrett procured Cantrell to enter into that contract. However, the proof showed further without controversy that Cantrell later refused to consummate the purchase by paying the consideration which he contracted to pay. But plaintiff insisted that the written contract of sale was legally binding upon Cantrell to purchase the property, and, being thus enforceable, the promised commission has been earned; and upon this theory a recovery was awarded. As a part of the consideration for the land, Cantrell agreed to transfer to Webb an undivided one-half interest in a certain stock of drugs and fixtures, the same to be taken in the trade at cost price. Webb testified that Cantrell represented that the stock of drugs would invoice about $2,000; that N. N. Durrett told Webb that the drugs were good and new. There was also testimony tending to show that Cantrell represented to Webb that the goods were unincumbered. Webb further testified without contradiction that he found the stock of goods to be old and stale and considerably incumbered; and N. N. Durrett admitted on the witness stand that Cantrell agreed to pay him $100 if he would induce Webb to

sign the contract. By special charge No. 3, which Webb requested, and which was refused by the court, Webb sought to have the jury instructed to return a verdict in his favor if the jury should find that at the time the contract was executed Cantrell represented to Webb that the goods were unincumbered, and that said representation was false, and that defendant was influenced thereby to execute the contract.

[1] In view of the evidence set out above, we think there was error in the refusal of the requested instruction, and this error will require a reversal of the judgment, for if the alleged misrepresentation be established, and if it was a material misrepresentation, then it tainted and invalidated the entire contract as to Webb, rendering it unenforceable against him unless Cantrell had first tendered the goods free of incumbrance. In the absence of any testimony to show that Webb agreed to take the goods burdened with the incumbrance, the written contract referred to implied a warranty on the part of Cantrell that they should be free of liens.

[2] The uncontroverted proof was that Cantrell refused to consummate the trade unless Webb should pay off and discharge the incumbrance against the goods amounting to $2,000. As he thus refused to comply with his obligations under the contract, he was in no position to enforce specific performance of the contract against Webb. As there is no power in a court of equity to compel Cantrell to remove the incumbrance against the goods, Webb could not by suit compel a specific performance of the contract of exchange and thus acquire the goods free of incumbrance as he had a right to demand under the contract.

[3] Besides, the general rule is that a contract to convey chattels having a market value cannot be specifically enforced, in the absence of some proof that damages in lieu thereof would be inadequate. Pom. Spec. Perf. Contracts, §§ 11, 12, 13, 14, 15, 47. Necessarily, Webb's cause of action against Cantrell for failure to convey the goods free of incumbrance would be for damages, and if he obtained this relief it would not be specific performance on the part of Cantrell. 2 Pom. Eq. Rem. § 769.

[4] In his petition plaintiff alleged that N. N. Durrett was employed by Webb to procure a purchaser for the land, and that the broker did procure a purchaser ready, able, and willing to buy it at the price fixed by Webb. Unless the contract was a sale, then the plaintiff wholly failed to establish the cause of action alleged.

In the case of Moss & Raley v. Wren, 102 Tex. 567, 120 S. W. 847, our Supreme Court, in effect, decided that in order to hold a contract procured under such circumstances to be a sale, in determining that a real es-

tate broker has earned his commission, it must appear that the contract procured by the broker is capable of specific enforcement in a court of equity, and that it is not sufficient to show that the vendor is entitled to damages only for the breach of the contract by the purchaser. See, also, Roberts v. Clark, 103 S. W. 417; Rankin v. Grist, 129 S. W. 1147; Siemssen v. Homan, 35 Neb. 892, 53 N. W. 1012; Barber v. Hildebrand, 42 Neb. 405, 60 N. W. 594.

For the reasons noted, we conclude that the contract was not capable of specific enforcement against Cantrell, and therefore was not equivalent to a sale, and that the trial court should have given a peremptory instruction to the jury to return a verdict in favor of the defendant Webb upon the merits of the controversy.

Hence the judgment in favor of plaintiff T. J. Durrett, and in favor of defendant N. N. Durrett against appellant B. D. Webb is reversed, and judgment is here rendered in favor of appellant. Sayles' Civ. St. 1897, art. 1027; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607.