McCARTY v. BRISTOW.

(Court of Civil Appeals of Texas. Dallas. March 2, 1912. Rehearing Denied March 30, 1912.)

BROKERS (§ 60*) — COMPENSATION — PERSONS LIABLE.

A broker listed land for sale at a price to net the owner $80 per acre, the amount above that to be retained as his commission, and found a purchaser at $82.50 per acre, who, in the presence of the owner and himself, entered into a written contract of sale for the stated consideration of $80 per acre, at which time the owner stated that he was to pay no commission; and thereafter the contract of sale was canceled by mutual consent of the owner and purchaser. *Held*, that the owner was not liable for any commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Appeal from Hill County Court; Horton B. Porter, Judge.

Action by C. J. Bristow against O. D. McCarty. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

F. E. McKee, of Hillsboro, for appellant. Frazier & Shurtleff, of Hillsboro, for appellee.

RAINEY, C. J. Appellee sued appellant to recover on a breach of contract for the sale of land by which appellee was to receive commissions for negotiating a sale of appellant's land. Appellee alleged that he found a purchaser willing and ready to close a trade, but appellant refused to execute a deed. A trial resulted in a verdict and judgment for $250 in favor of appellee, and appellant appeals.

The evidence shows that Bristow, a land broker, approached McCarty to list his land with him for sale, which McCarty did; it being agreed that Bristow could sell the land to net McCarty $80 per acre and all over that amount he could sell for he was to take as commission. Bristow found a purchaser, one Blount, who was willing to purchase for $82.-50 per acre. Bristow brought them together, and there in his presence they entered into a written contract of sale; the consideration being $80 per acre, and McCarty stating to both that he was to pay no commission. Further than this, there was nothing said about commissions. Neither Bristow nor Blount told McCarty what Bristow was to receive for his services in negotiating the trade. Bristow testifies that Blount agreed to pay him $250 for bringing about the trade; that being the amount above $80 per acre. The sale was agreed upon on August 6, 1910. Possession was to be given on January 1, 1911, and on November ———, 1910, the contract of sale was canceled by the mutual consent of McCarty and Blount.

Under the foregoing facts—and there seems to be no conflict—was McCarty liable for $250 commissions to Bristow? We think not. McCarty never agreed to pay any commissions. He distinctly told Bristow that he would not do so. Bristow so understood the matter, but was to get his commissions from the purchaser, and the purchaser actually agreed to pay him. The fact that McCarty agreed with Blount to cancel the trade did not make him liable for the $250, because he had in no way become responsible for its payment. Blount had become responsible to Bristow, and the cancellation of the contract did not release him from its payment.

The evidence seems to be full, and, showing no liability on the part of McCarty, the judgment will be reversed, and here rendered in his favor.

Reversed and rendered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes