## O. E. SEARS LAND CO v. BARTON.
### (No. 1741.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 12, 1921.)

1. Brokers ⬳49(3)—Not entitled to commission on owner's failure to consummate transaction on unauthorized terms.

Where brokers procured purchaser who agreed to buy the land on terms other than those specified in the broker's contract, and where owner was willing to sell on terms suggested by such purchaser, but could not agree with purchaser as to date purchaser was to take possession, as to which brokerage contract was silent, and because of such failure did not consummate the transaction, the brokers were not entitled to commission.

2. Brokers ⬳67(2)—Representing both buyer and seller without their consent cannot recover commission from either.

On grounds of public policy, broker cannot act for both buyer and seller without their consent, and if he does so he cannot recover his commission from either, regardless of whether the principal is injured.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by the O. E. Sears Land Company against J. A. Barton. Judgment for defendant, and plaintiff appeals. Affirmed.

Roscoe Wilson, of Lubbock, for appellant.
Bean & Klett, of Lubbock, for appellee.

HUFF, C. J. The appellee, Barton, listed with appellant, O. E. Sears Land Company, brokers, 480 acres of land for sale, at $37.50 per acre, one-third cash and the balance due in installments of five annual payments, to bear interest at the rate of 8 per cent. on the deferred payments. The appellants alleged that they found a purshaser ready, willing, and able to pay $37.50 per acre, but instead of paying $6,000 cash, which was one-third of the purchase price, he was willing to pay $7,000 cash, balance in five equal annual installments at 7 per cent. annual interest, instead of 8 per cent.; that this proposition was submitted to appellee, who agreed to convey the land on said terms, but when the deal was ready to be made appellee refused to convey the land unless he could retain possession of it until May 1, 1920; that the proposed purchaser would not consent thereto, but wanted possession January 1, 1920. It was alleged it was the custom of the country to deliver possession by the following 1st of January, where a sale was made in the fall of the year, as this was; that appellee knew of this custom when the land was listed with appellant, but made no such reservation. The appellee answered by general denial, and specially that appellants were acting in the double capacity of agents for both seller and buyer without the knowledge or consent of the appellee; that the proposed purchaser was T. H. Sears, the father of one of the agents, O. E. Sears, who undertook, for a consideration, to get the land at $35, instead of $37.50, with interest at 7 per cent. on the deferred payments instead of 8 per cent. There is no contention that appellant secured a purchaser, ready, willing, and able to buy on the terms of the listing contract. There is also but little dispute, if any, that at the instance of the proposed purchaser appellants undertook to get the land at $35 per acre, with 7 per cent. interest on the deferred payments. Appellant would not take $35 an acre, but did consent to change to 7 per cent. interest on the balance due. When this concession was made known by appellee, O. E. Sears testifies he told appellee that his land was sold, but in connection therewith admits the appellee told him then he must retain possession of the land until May 1st, and that he, O. E. Sears, then told appellee there was no such reservation in the listing contract, but that the custom was to deliver on the first of the year following the sale. There is a sharp conflict in the evidence, but it does appear the next day, or the day after, the proposed purchaser, T. H. Sears, and the appellee met at the office of appellants and tried

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to reach an agreement, but failed to do so, on account of the time in which possession was to be delivered, and for that reason no sale was consummated. The jury found that appellants did not find a purchaser, ready, willing, and able to purchase on the terms of the listing contract. They also found appellants did not serve appellee with loyalty and fidelity as his agent, and that appellants had an agreement with T. H. Sears, the proposed purchaser, without the appellee's knowledge or consent, that the purchaser would pay the appellants their commission or see it paid if they would buy the land for T. H. Sears at $35 per acre, and that appellant had an agreement with the proposed purchaser to try to buy the land at $35 per acre when he in fact was willing to pay therefor $37.50 per acre.

[1] The first assignment asserts error in refusing to instruct a verdict for the appellant. In this we think there was no error. The appellant did not find a purchaser willing to take the land on the terms of the listing contract. He demanded different terms, and while appellee was willing to grant those terms if they could agree upon the date for giving possession, no such agreement was reached and no sale in fact effected. This is not a case where the owner effected a sale to the customer of the agent upon different terms. He did not get the benefit of the agent's services. Calvin v. Blanchard, 101 Tex. 231, 106 S. W. 323; Rabonowitz v. Smith, 190 S. W. at page 201; Burgher & Co. v. Canter, 190 S. W. 1147; Alley v. Griffin, 215 S. W. 479. Since there was no sale perfected on the terms of the proposed purchaser, which were different to the listing contract, appellee received no benefit from the services of the agents. He committed no breach of his contract with appellants in negotiating for a sale in which he should retain possession of the land for a longer term than was implied in the listing contract before he would conclude a sale on the terms of the purchaser.

[2] By the second assignment appellant assails the action of the court in submitting issues to the jury on the question of double agency. It seems to be the appellant's theory that no injury was shown, and therefore it was immaterial whether they were acting for both buyer and seller or not, and that there was no fiduciary relation between appellants and appellee. On grounds of public policy, an agent cannot act for both buyer and seller without their consent. If he does so, he cannot recover his commission from either. It does not affect the rule if the principal is not injured. This court has so held, and it is generally so held by others of our courts. Buck v. Woodson, 209 S. W. 244, and authorities cited; Baker v. Greer, 208 S. W. 755; Mechem on Agency, vol. 1, par. 1206.

The evidence in this case amply supports the jury's finding of double agency.

The judgment will be affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes