## COHEN v. COTTLE.
### No. 4432.

Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1945.

Rehearing Denied Nov. 8, 1945.

Fryer & Milstead, of El Paso, for appellant.

W. C. Peticolas, of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the El Paso County Court at Law.

The suit was brought by J. Ted Cottle to recover a real estate broker's commission in the sum of $800 on the theory and pleading that he had produced a purchaser for real estate listed with him by the defendant Cohen, ready, able and willing to purchase on the listed terms. The defendant answered with a special exception; a general denial and a special answer.

The trial was to a jury, but on the conclusion of all the testimony the Court instructed a verdict for the plaintiff for the amount sued for and rendered judgment accordingly.

■ The defendant has five points of error, amongst which are assignments that the court erred in refusing to instruct a verdict for him, and in instructing the verdict for the plaintiff. In this we think he is correct.

The listing was on a card form partly printed with blank spaces for details to be filled in. It is dated September 11, 1944, and lists property at "1010 Blanchard" and further described as "Lots So. 63¼ of lot 13, Block 6, Rim addition". A further provision is "Price $16,000.00 cash, including a 5% commission and passing of title." It stipulates "This is an exclusive listing sixty days from date", and is signed by the defendant. Written into the face of the card is this provision also "11/15/44 Extended 60 more days. AHC". These are the full terms of the listing.

The testimony is that the property was shown to the prospect on January 11, 1945. Both he and his wife inspected it. He suggested to the plaintiff he would like to talk to his wife further about it. Later on the 11th he called plaintiff and told him he would take it and wanted to know when he might see the plaintiff. He was advised early the next morning when he would prepare a contract. A contract was prepared dated January 12, 1945, and signed by the purchaser. This contract was on the same date presented to the defendant and he declined to execute it. The parties differ as to the reason why. The defendant was the next day again requested to sign the contract and he again declined, and the suit followed two or three days later.

The contract prepared and signed by the purchaser, and presented to the defendant, provided for the payment of "Ninety-four Hundred and No/100 Dollars cash", and "the assumption of approximately $6600.00 now outstanding with the General American Life Insurance Company", with this additional provision: "It is understood and agreed that the cash down payment is to be the exact amount of difference between the Sales Price of $16,000.00 and the above named loan at the date of closing."

The contract further provided the seller should furnish a guarantee title policy or an abstract of title brought down' to date of deed showing good, marketable title in the seller; that the purchaser should have a reasonable time to have the same examined, and that the deal should be closed on or before March 12, 1945, and possession given as of same date.

This is the only contract or terms of sale communicated to the defendant, and it is apparent the terms differ from those embodied in the listing. Reina v. Hamilton, 59 Tex.Civ.App. 6, 125 S.W. 56; Smith v. First National Bank, 43 Tex.Civ.App. 495, 95 S.W. 1111; see Sears Land Co. v. Barton, Tex.Civ.App., 227 S.W. 237.

■ It is too elementary to require the citation of authorities that the plaintiff rested under the necessity of showing he had produced a purchaser ready, able and willing to buy upon the terms fixed by the listing contract to entitle him to recover his claimed commission. This he did not do, and it is apparent from the record he can not because of the facts above stated. It is, therefore, the judgment of this Court that the judgement of the trial court must be reversed and judgment here rendered for the defendant, and that plaintiff take nothing, and it is accordingly so ordered.